**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMY R. GURVEY,<br><br>                    Plaintiff,<br><br>         v.<br><br>John A. Squires, *Secretary of Commerce for Intellectual Property & Director of the United States Patent & Trademark Office, et al.*,<br><br>                    Defendants. | Case No. 1:23-cv-3549 (JMC) |

## <u>MEMORANDUM OPINION</u>

Defendant John A. Squires, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (USPTO), moves to dismiss pro se Plaintiff Amy Gurvey's amended complaint, or in the alternative for summary judgment.[1] For the reasons set forth below, the Court **GRANTS** Defendant's motion, **DISMISSES** all claims against all Defendants, and **DENIES** Defendant's motion in the alternative for summary judgment and Gurvey's remaining motions and requests for leave to file as moot.[2]

Gurvey's amended complaint is far from the "short and plain" statement that Rule 8 requires, but the Court has done its best to make out her allegations. Gurvey describes herself as a "sole-named patentee and priority inventor of standard essential apparatuses, encoded electronic screen displays and software platform patents for electronic event ticketing and ticketing management in the United States." ECF 22 at 2. The events at issue begin around 2005 when she

---

[1] Secretary Squires has been substituted for his predecessor in office. *See* Fed. R. Civ. P. 25(d).

[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

submitted a patent application to the USPTO. *See* ECF 22 ¶ 40.  In February 2009, she alleges that she finally received "office action" on her application, *id.*, which, as clarified by Defendant, means that she was issued her patents. ECF 25 at 13; *see also* ECF 17 at 8 (Plaintiff's opposition referencing patents that she has been issued). Gurvey is not satisfied with how long it took the USPTO to act on her applications. She alleges that the delay "gave [copyright] infringers lead time to outsource and infringe the patents and boycott Petitioner from her market alone and with venture partners." ECF 22 ¶ 8. Her amended complaint describes subsequent interactions with the USPTO that she alleges amount to harassment and retaliation. She claims that the USPTO "violated [her] constitutional rights guaranteed by the First, Fifth, and Fourteenth Amendments of the United States Constitution and under the Supremacy Clause," *id.* ¶ 19, and alleges that the office will not accept further correspondence from her, *id.* ¶ 12. Further, she claims that the USPTO has "promulgat[ed] rules" in a manner that she believes violates the Administrative Procedure Act (APA), although she does not identify what those rules are. *Id.* ¶ 60. Her complaint also refers to improper conduct by law firms and lawyers who represented her before the USPTO or otherwise had some involvement in that proceeding. (Indeed, most of her amended complaint appears to be about their conduct, rather than Defendant's.) Finally, her amended complaint includes allegations about records she requested under the Freedom of Information Act (FOIA). She provides almost no detail about any such requests—when she submitted them, what she asked for, or what the response was. According to her prayer for relief, she seeks damages, the "production of . . . documents," a "patent term adjustment," and a declaration that "the Office rules promulgated against Petitioner since 2003" violate the APA. *Id.* at 45–46.

Defendant moves to dismiss Gurvey's amended complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). When assessing a motion to dismiss under Rule

12(b)(1), "it is to be presumed that a cause lies outside the federal courts' limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). In determining whether to dismiss claims under Rule 12(b)(3) for improper venue, "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Astakhov v. U.S. Citizenship & Immigr. Servs.*, 698 F. Supp. 3d 135, 140 (D.D.C. 2023) (internal quotations and citations omitted). The Court, however, "may consider material outside the pleadings" in resolving the motion. *Id.* Finally, in considering a Rule 12(b)(6) motion for failure to state a claim, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court observes, however, that Gurvey says she is a lawyer.

The Court dismisses Gurvey's case for many reasons. First, the Court agrees with Defendant that this Court is not the proper venue for challenges involving patent term adjustments, which is what Gurvey seeks. *See* ECF 22 at 45 (Plaintiff's prayer for relief confirming that she is seeking a "patent term adjustment."). By way of background, "a patent has a term of twenty years from the patent application's effective filing date." *Guymon v. Vidal*, No. 1:23-cv-1302, 2025 WL 77390, at *2 (E.D. Va. Jan. 10, 2025) (citing 35 U.S.C. § 154(a)(2)). "Congress established a system of patent term adjustment to compensate inventors for lost time on their patent term resulting from" any "undue delays in patent examination caused by the USPTO." *Id.* (quoting

*Pfizer, Inc. v. Lee*, 811 F.3d 466, 468 (Fed. Cir. 2016)). Plaintiff devotes a lot of space in her amended pleading to complaining about the USPTO's purported delay in acting upon her 2005 application and how that harmed her, but the United States District Court for the Eastern District of Virginia is the exclusive venue for challenges to patent term adjustments. *See* 35 U.S.C. 154(b)(4)(A). The Courts also agrees with Defendant that dismissal, rather than transfer, is appropriate because Gurvey waited too long to bring this challenge. The statute provides that such cases should be filed "within 180 days after the date of the Director's decision on the applicant's request for reconsideration." *Id.* Defendant submits evidence that the USPTO issued a decision on Gurvey's reconsideration request for a patent term adjustment on May 8, 2023. *See* ECF 25-37 at 2. That means she would have had to file her case in the Eastern District of Virginia by November 4, 2023, to meet the statutory deadline. But Gurvey did not initiate this action until November 27, 2023. Gurvey does not respond to or contest Defendant's evidence or arguments that her patent term adjustment challenge is untimely.

The Court also agrees that the statute of limitations requires dismissal of Gurvey's APA claims. Like Defendant, the Court is confused about what agency action Gurvey is trying to challenge and on what grounds. But her amended pleading complains about "Office rules promulgated against Petitioner since 2003," ECF 22 at 46, and makes specific reference to a notice of final rule making that the USPTO published on August 21, 2007, *id.* ¶ 64. As Defendant points out, the APA's statute of limitations is six years. *See Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014). Again, Gurvey fails to respond to Defendant's argument. Plaintiff's APA claim is thus dismissed, and the Court need not reach Defendant's other arguments for dismissing this claim.

Gurvey's assorted constitutional claims fare no better. She seeks damages and admits that she "relies on *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

(1971) in contending that USPTO officers retaliated against [her] by delaying the prosecution of her patent applications in violation of the First and Fourteenth Amendment."[3] ECF 22 ¶ 45. In *Bivens*, the Supreme Court recognized its authority to create a Fourth Amendment cause of action against individual federal officers. Since then, *Bivens* causes of action have only been recognized in limited circumstances. The Supreme Court has never held that *Bivens* extends to First Amendment claims, and recently declined to recognize a *Bivens* cause of action for First Amendment retaliation. *See Egbert v. Boule,* 596 U.S. 482, 498–99 (2022). And with respect to Gurvey's "Fourteenth"—really, Fifth—Amendment claim, this Court is not prepared to extend *Bivens* to this context, which in no way resembles the "three cases in which the Court has implied a damages action." *Id.* at 492. Accordingly, Gurvey has not stated a viable constitutional claim.

The Court also grants Defendant's motion to dismiss Gurvey's FOIA claim. It is not clear from the amended complaint what records Gurvey requested or when. The only timeframes the Court can identify from the complaint is that Gurvey made requests "in 2009," "since 2013," and that she has been awaiting responses for "11 years." ECF 22 ¶¶ 24, 23, 30.  Defendant rightly points out that the statute of limitations for FOIA actions is six years. 28 U.S.C. § 2401(a). Gurvey offers no response to Defendant's statute of limitations argument, effectively conceding the point.[4]

For good measure, the Court dismisses any remaining aspects of Gurvey's case under Rule 8. Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed

---

[3] The Fourteenth Amendment does not apply to the federal government. The Court assumes Gurvey meant to invoke the Fifth Amendment and will construe her claim accordingly.

[4] Defendant also argues that Gurvey failed to exhaust administrative remedies. Failure to exhaust administrative remedies under FOIA is a 'bar to judicial review" requiring dismissal pursuant to Rule 12(b)(6). *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1259 (D.C. Cir. 2003). But Defendant relies on matters outside the pleadings to support its position, and the Court has not converted this motion to one for summary judgment. To avoid complicating matters, the Court declines to consider matters outside the pleadings and dismisses this claim on the other grounds that exist for dismissal—the statute of limitations and Rule 8.

factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.*

Defendant did his best to decipher Gurvey's amended complaint, but admittedly had difficulty doing so. The Court had the same trouble. Attempting to make sense of Gurvey's amended complaint required the Court to parse through each paragraph of her pleading and cross reference multiple filings. Unfortunately, that exercise left the Court no less confused about Gurvey's case. The amended pleading discusses everything from patents issued to Apple, to LiveNation's alleged infringement of her patents, to forged documents, to proceedings in New York courts, to unethical conduct by attorneys, without connecting any of it to a viable cause of action. Gurvey attached hundreds of pages of exhibits to her filings, which include filings she has made before other courts. The caption of Plaintiff's amended complaint lists as Defendants: Wynn Coggins, David Berdan, Will Covey, William Griffin, Asli Carome, James Payne, Dipen Patel, and up to 20 "John Doe" defendants. ECF 22 at 1. But Gurvey does not identify these individuals as "Parties," *id.* at 28–29, and her amended complaint does not make clear the nature of her claims against these individuals—if she intended to sue them at all.[5] So all remaining Defendants and claims—to the extent not raised by Defendant or otherwise addressed in this opinion—are dismissed. The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for

---

[5] The Court observes that Gurvey never requested that the Clerk issue summons for these defendants, they have not been served or appeared in this case, and the record reflects no efforts that Plaintiff has made to identify any John Doe defendants or otherwise prosecute her claims against these individuals.

failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim for failure to comply with Rule 8(a)). In taking that step, the Court notes that Gurvey, unlike most pro se plaintiffs, is a lawyer and should be able to draft pleadings in accordance with applicable rules.

Finally, the Court denies Gurvey's pending motions to amend her complaint. Gurvey requested leave to amend in response to the Defendant's motion to dismiss her initial complaint, ECF 11, and the Court granted that request, *see* Min. Order Mar. 3, 2025. Accordingly, she had an opportunity to correct any deficiencies Defendant identified before submitting a new pleading. That new pleading—the amended complaint that is the subject of this order—remains substantially deficient. But while the renewed motion to dismiss the amended complaint was pending, Gurvey made another request seeking leave to file another amended complaint adding additional defendants, ECF 27 at 1, although it does not appear that Gurvey ever submitted a proposed amended complaint with that request. *See* LCvR 15.1. Adding more defendants does nothing to cure the problems the Court has identified, so granting leave to do so would be futile.

But still there's more. Gurvey filed yet another motion seeking leave to amend her complaint, and this time submitted a proposed amended complaint. ECF 36; ECF 36-1. This proposed third amended complaint makes no reference to the Defendant; instead, it is against Live Nation Entertainment, Inc.; Live Nation, Inc; Ticketmaster, LLC; and John Doe defendants. ECF 36-1. The Court will not permit that amendment either. First, the amendments do not fix the significant deficiencies in Plaintiff's current complaint or change anything about how the Court would rule on Defendant's motion to dismiss. Second, the proposed complaint is duplicative of another matter Gurvey is litigating before this Court—*Gurvey v. Live Nation Entertainment, Inc.*,

1:25-cv-3257. Gurvey does not need to file the same case twice. Finally, the proposed third amended complaint names (or adds) Live-Fi Technology Holdings, LLC as a plaintiff party. As the Court has repeatedly told Gurvey in her other pending case, a company cannot appear in a case pro se, and no attorney authorized to practice in this court has entered an appearance to represent Live-Fi. *See* ECF 13, No. 1:25-cv-3257. The Court recognizes that requests to amend should be liberally granted, but not where such amendments are futile or the Court finds, as it does here, that a plaintiff has abused the process by making repetitive filings.

Finally, Gurvey requests in some filings that the Court "transfer" this action to the Court of Federal Claims. *See, e.g.*, ECF 17 at 2. It is not clear why Gurvey believes that the Court of Federal Claims has jurisdiction over this case, but the Court declines to transfer rather than dismiss this case. For all the reasons the Court has identified, Gurvey's case presents no viable claims and it would waste judicial resources to foist this matter on another court.

Accordingly, Defendant's motion to dismiss, ECF 25, is **GRANTED**. Gurvey's case is **DISMISSED** in its entirety as to all claims against all Defendants. Gurvey's pending motions and requests for leave to file are **DENIED** as moot. *See* ECF 28; ECF 36; ECF 40; ECF 41. A separate order will follow.


**SO ORDERED.**

 

_____
JIA M. COBB
United States District Judge

Date: March 6, 2026

8